IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:15-CR-533-L** |
| | § | |
| **JAYSON HOWARD MOORE** | § | |

## MEMORANDUM OPINION AND ORDER

The court issues this memorandum opinion and order to address oral arguments raised by Defendant Jayson Howard Moore ("Moore" or "Defendant") during the pretrial conference conducted on August 1, 2018. Specifically, Defendant contends that remaining Count One in the Superseding or Second Superseding Indictments ("Indictment") should be dismissed based on his belief that the federal felony arrest warrant in this case and his arrest by Irving Police Department ("IPD") officers on October 29, 2015, pursuant to that warrant, are constitutionally invalid. After considering these additional arguments, the witness testimony and evidence admitted during the suppression hearing, as well as the exhibits attached to Defendant's Motion to Suppress (Doc. 189) and Motion to Dismiss Count One (Doc. 199), the court **denies** Defendant's oral motion to dismiss Count One of the Indictment, and, to avoid repetition, **incorporates by reference** its July 31, 2018 memorandum opinion and order (Doc. 260) denying Defendant's Motion to Suppress with respect to Count One.

### I. Introduction

During the pretrial conference, Moore stated that he agreed with the court's ruling in denying his Motion to Suppress with respect to the search or inspection and the seizure of the four pawned firearms but disagreed that his arrest and the arrest warrant issued by United States Magistrate Judge

Paul D. Stickney ("Judge Stickney") on September 28, 2015, are valid. Regarding this issue, it is the court's understanding that Moore contends that his arrest was unlawful or not constitutionally valid under the Fourth Amendment to the United States Constitution because: (1) there was an invalid arrest warrant number; and (2) the arrest warrant is not sufficiently specific, as it did not include any identifying information other than his name such as his date of birth, race, height, or social security number.

Moore indicated that the court's July 31, 2018 opinion did not specifically address these contentions but acknowledged that he was not certain whether they were included in the motions he filed. The court has again carefully reviewed Moore's Motion to Suppress and Motion to Dismiss and confirmed that these issues were not raised in either motion or corresponding briefs. While Moore posed questions to witnesses who testified during the suppression hearing regarding these matters, he did not specifically raise or present these arguments to the court during hearing for resolution. Nevertheless, to put these issues to rest so as not to delay the trial of this case, the court addresses herein his contentions.

## II. Invalid Warrant Number

The bases for Moore's first contention that the Indictment should be dismissed because of an invalid warrant number is not entirely clear. Moore questioned IPD Detective Jimmy Henderson ("Detective Henderson") during the suppression hearing regarding the federal arrest warrant number that was included in an IPD arrest report prepared by Detective Henderson. This report was marked and admitted as Exhibit 10 during the suppression hearing. Although no warrant number actually appears in this report or exhibit, the following exchange at the suppression hearing occurred between Moore and Detective Henderson:

> Q: I have your report in front of me, Officer Henderson, and the report reflects that I was arrested on October 29, 2015, for having a felony — a federal warrant for my arrest. I have that in my possession here. I have the warrant number for that federal arrest as 3:15-MJ-720-DF, which will reflect on the record on Exhibit 10. Officer Henderson, you said you confirmed the warrant; is that correct?
>
> A: I said the warrant was confirmed.
>
> Q: The warrant was confirmed, right? Is 3:15-MJ-720-BF the warrant number for the warrant that was confirmed on that date?
>
> A: If that is the warrant number that was on the report, then it is more than likely that is the warrant number that was provided to us.
>
> . . .
>
> Q: Officer Henderson, do you know the difference between court docket numbers and warrant numbers?
>
> A. One is the docket number and one is a warrant number.
>
> Q: You just told the Court that 3:15-MJ-720-BF, if it is on this report, that is the warrant number more than likely that you were provided with. Can you state for certain that is a warrant number?
>
> A. No, I can't state if that is a warrant number or court docket number or a telephone number.
>
> Q: In closing, can you explain to the Court why the Irving Police Department—why the arrest report reflects that I was arrested for having a felony—a federal warrant for my arrest, however, the [IPD] reported to the NCIC and TCIC that I was arrested for disturbing the public peace on October 29, 2015?
>
> A. I don't have the slightest clue what the disturbing the peace is all about.[*]

Again, it is unclear to the court why Moore believes that the warrant for his arrest was invalid based on this line of questioning regarding the warrant number; however, the court did address in its July 31, 2018 memorandum opinion and order his contentions regarding the validity of his arrest

---

[*] No page citations to the suppression hearing transcript are included, as the transcript for that hearing, which was held on July 12 and 13, 2018, has not been finalized.

**Memorandum Opinion and Order – Page 3**

based on the IPD's alleged inability to confirm the existence of the federal arrest warrant and rejected them because the evidence during the hearing clearly established that a facially valid federal warrant for Moore's arrest existed at the time of his arrest; that Moore was arrested pursuant to that warrant; and it was irrelevant whether the IPD officers were able to confirm the existence of the warrant after he was arrested via NCIC, TCIC, or other means.

Another IPD arrest report prepared by someone other than Detective Henderson was also admitted as an exhibit during the suppression hearing and indicates that the "Warrant No" is "315MJ720BF," which Moore correctly noted during the hearing is the number of the federal case that was opened to address the application for an arrest warrant. According to the docket sheet in Case No. 3:15-MJ-720-BF, this case was closed and merged into Case No. 3:15-CR-533-L, which is the date that the original indictment was filed in this case—3:15-CR-533-L. The arrest warrant signed by magistrate Judge Stickney in this case includes the Case No. 3:15-MJ-720-BF, as that is the case number in which the arrest warrant issued. There is no warrant number included in the arrest warrant, and the court is not aware of any legal requirement that an arrest warrant include a warrant number; nor is the court aware of any legal authority, and Defendant has not presented any, that says a facially valid arrest warrant is unconstitutional for lack of a warrant number or because an arrest report prepared by an officer with a city police department included the federal case number in which the warrant issued as opposed to a warrant number. Accordingly, Moore's contention regarding the constitutionality of his arrest based on the inclusion of an invalid warrant number in an arrest report prepared by the IPD is not a valid basis for dismissing the indictment in this case.

### III.     Specificity of Arrest Warrant

Regarding his second contention, Moore argued during the pretrial conference that his arrest was unconstitutional the arrest warrant is not sufficiently specific, as it did not include any identifying information other than his name such as his date of birth, race, height, or social security number. During the suppression hearing, Moore questioned Dallas Police Department Detective Jabari Howard ("Detective Howard") regarding the arrest warrant and the application he submitted to the magistrate judge to obtain the arrest warrant. Moore took the position in questioning Detective Howard that, to be constitutionally valid and comply with the Federal Rules of Criminal Procedure, a federal arrest warrant or application to obtain an arrest warrant needed to include his birthdate, height, race, social security number, or some other identifying information because there could, hypothetically, be more than one person in the United States with the name Jayson Howard Moore. In addition, Moore argued that the Fourth Amendment specifically states and requires that a warrant to seize a person's property must identify the person with particularity. Detective Howard disagreed with Moore's opinion as to what needed to be included in a warrant for it to be constitutionally valid. He further explained that, while information other than his name was not included in the arrest warrant, other identifying information or "identifiers" in addition to his full name—such as his date of birth, height, weight, social security number, identifying marks, driver's license number— were included in an NCIC database for law enforcement's use anywhere in the United States. According to Detective Howard, if a police officer ran a search in this database using Defendant's name, Jayson Howard Moore, this information would be available, as well as a warrant hit to assist the officer in confirming whether the person encountered was actually Jayson Howard Moore.

"The warrant clause of the Fourth Amendment requires that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . persons or things to be seized." *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005) (quoting U.S. Const. amend. IV). "This requirement is codified in Rule 4 of the Federal Rules of Criminal Procedure which states that a warrant must 'contain the defendant's name, or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty.'" *English*, 400 F.3d at 275 (quoting Fed. R. Crim. P. 4(b)(1)(A)); *Wanger v. Bonner*, 621 F.2d 675, 682 (5th Cir. 1980) ("Generally, the inclusion of the name of the person to be arrested on the arrest warrant constitutes a sufficient description to satisfy the fourth amendment requirement that the person to be seized be described with particularity.") (citation omitted). The "general rule" did not apply in *Wanger*, a civil case against law enforcement officers under 42 U.S.C. § 1983, because:

> The inclusion of an address on a misdemeanor warrant will not suffice to allow a law enforcement officer to conduct a search of the premises located at that address in the middle of the night over the objection of the person residing therein, when that person establishes he is not the suspect named in the warrant[.]

*Id.* at 682.

The arrest warrant in this case contains Defendant's full name, Jayson Howard Moore, and Defendant does not dispute that he is the person named in the arrest warrant. As Moore's name was known and included in the arrest warrant, no other description to identify him was required under Rule 4 of the Federal Rules of Criminal Procedure. Additionally, the arrest warrant includes a brief description of the offense charged and refers to the Complaint, which in turn incorporates by reference the affidavit of Detective Howard that was submitted in applying for the warrant, and contains factual information from which the magistrate determined that probable cause existed for execution of the

warrant. Unlike *Wange*r, there is no exception to the general rule— that inclusion in the arrest warrant of the name of the person to be arrested is sufficient—that applies in this case because there is no issue as to whether law enforcement arrested the wrong person; the arrest warrant was not executed at Moore's personal residence; and no seizure of Moore's evidence occurred incident to his arrest on October 29, 2015. Moreover, as explained during the pretrial conference, Moore's contention that the arrest warrant is invalid or counterfeit because Detective Howard is dishonest and has a habit of falsifying affidavits, the pawn receipts, or other documents is insufficient to establish the invalidity of the warrant, as it is based only on Moore's opinion and unsupported speculation.

Further, while Moore contends in his Motion to Suppress that his cellular telephone and other evidence were seized incident to his arrest, his sworn suppression hearing testimony and the evidence relied on him in support of his Motion to Suppress indicate the contrary. In this regard, Moore testified that, when he was arrested, the police officers explained to his girlfriend that the vehicle he was driving when pulled over was going to be towed. According to Moore's testimony, the police officers asked his girlfriend if there was anything in the vehicle that Moore would want to take with him to jail; in response, his girlfriend instructed the police officers that he would want to take with him his driver's license, cellular phone, credit cards, and bank deposit bag with receipts and $31 in cash. According to Exhibit 4 to Defendant's Motion to Suppress, these items were listed in an IPD Prisoner Property Intake Receipt, which states: "You have 90 days from this date (10/29/2015) to retrieve your personal property from the [IPD] Jail Prisoner Property Storage. [S]ome of your property may be left here and not transferred with you. Property not picked up within ninety (90) days from today . . . will be "DISPOSED OF" in accordance with Texas [C]ode of Criminal Procedure Article 18.17," which applies to abandoned or unclaimed property. Ex. 4 to Def.'s Mot. to Suppress (Doc.

189-1). Thus, Defendant's own evidence indicates that these items were not seized as evidence of a crime incident to his arrest but, instead, were retrieved from his vehicle and sent to the IPD jail with him upon his girlfriend's request and as part of an administrative inventory search or inspection of his vehicle because it was towed after he was arrested. Accordingly, Moore's contention regarding the sufficiency of the arrest warrant are without merit and do not require dismissal of Count One of the Indictment.

**IV.     Conclusion**

For the reasons herein stated, the court **denies** Defendant's August 1, 2018 oral motion to dismiss Count One of the Indictment.

**It is so ordered** this 2nd day of August, 2018.

Sam A. Lindsay
United States District Judge